**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES DISTRICT JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

June 23, 2020

Tammy Brown
6815 Parsons Avenue
Gwynn Oak, MD 21207

LETTER OPINION

    RE:   *Brown v. Penny Mac Loan Services LLC, et al.*,
           Civil No. SAG-20-0364

Dear Ms. Brown and Counsel:

    Plaintiff Tammy Brown filed this lawsuit, *pro se,* against five named defendants, including Penny Mac Loan Services LLC ("Penny Mac"), David Spector, BWW Law Group LLC ("BWW"), Carrie Ward, and Howard Bierman (BWW, Ward, and Bierman are, collectively, "the BWW Defendants"). Ms. Brown has not complied with this Court's May 26, 2020 Order requiring her to complete the required United States Marshal forms for the Clerk of Court, and to provide service copies of the Complaint, in order to allow service to be effected on Penny Mac and Spector. ECF 10. Accordingly, the Complaint will be dismissed without prejudice as to those two defendants.

    On February 26, 2020, the BWW Defendants filed a Motion to Dismiss the Complaint. ECF 4. That same date, the Clerk mailed a Rule 12/56 order to Ms. Brown, giving her twenty-eight days to respond to the dispositive motion. ECF 8. Because all Court deadlines were extended as a result of the COVID-19 pandemic, on May 18, 2020, this Court entered an order clarifying that Ms. Brown's response to the dispositive motion would be due on or before June 17, 2020. ECF 9. That date has now elapsed, and no response was filed. The Court has considered the Complaint, the exhibits attached thereto, as well as Ms. Brown's miscellaneous correspondence, which appears to be in further support of the Complaint. ECF 1, 3. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2018). For the reasons stated herein, the BWW Defendant's motion to dismiss will be granted, and Ms. Brown's Complaint will be dismissed without prejudice.

    In considering a motion to dismiss a complaint for failure to state a claim upon which relief can be granted, the Court must take all factual allegations in the complaint as true. *See E. Shore Mkts., Inc. v. JD Assocs. Ltd. P'ship,* 213 F.3d 175, 180 (4th Cir. 2000). The Court must also draw all reasonable inferences from the factual allegations in a light most favorable to the plaintiff, though it need not accept as true any legal conclusions drawn from those facts. *Id.* Those factual allegations, and the reasonable inferences drawn therefrom, "must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in

*Brown v. Penny Mac Loan Services LLC, et al.*
Civil No. SAG-20-0364
June 23, 2020
Page 2

the complaint are true." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007). "A claim has facial plausibility when the Plaintiff pleads factual content that allows the Court to draw a reasonable inference that the Defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

This Court must construe the Complaint liberally because it was filed by a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). Even viewed with liberal construction, however, Ms. Brown's Complaint is somewhat difficult to decipher, and is relatively devoid of specific factual allegations. The subject matter of the Complaint is the foreclosure of Ms. Brown's residence at 6815 Parsons Avenue. *See* ECF 1-8. Ms. Brown cites to and attaches a number of statutes, Federal and Maryland Rules of Evidence, and certain Constitutional provisions, in addition to a 2004 case decided in a Florida state court. ECF 1. However, Ms. Brown does not identify any specific causes of action, and none of the sources she cites provides an apparent civil cause of action against any of the BWW Defendants. Ms. Brown does request certain monetary and non-monetary relief, including a "Stay of Proceedings" and monetary damages including "the current price of my home." ECF 1 at 10; ECF 1-9.

It appears, from her citation to *Perry v. Fairbanks,* 888 So. 2d 725 (Fla. Dist. Ct. App. 2004)*,* that Ms. Brown contends that the defendants had to produce the original note in her foreclosure proceeding. ECF 1 at 9. Despite that case interpreting Florida's legal requirements, any claim premised on the failure to produce the original note in the foreclosure of Ms. Brown's property would fail for two reasons. First, Maryland law does not require production of the original note in a foreclosure proceeding. *See* Md. Rule 5-1003 (declaring that duplicates are generally admissible "to the same extent as an original," except in two limited circumstances); Md. Rule 14-207(b)(1)-(4) (requiring that an Order to Docket a foreclosure case include "a copy of the lien instrument supported by an affidavit that it is a true and correct copy."); *Harris v. Household Fin. Corp.*, Civil No. RWT-14-606, 2014 WL 3571981, at *2 (D. Md. Jul. 18, 2014) (rejecting a claim that the mortgagor must "produce 'wet ink' signature documents" to establish a valid mortgage). In fact, Maryland law permits foreclosures to proceed in some cases, even if the note itself is lost, through the submission of a "lost note affidavit." *See* Md. Code Ann., Real Prop. § 7-105.1(f).

Second, public records establish that the foreclosure sale was ratified by the circuit court on December 10, 2019. ECF 4-9.[1] "The effect of a final ratification of sale is res judicata as to the validity of such sale, except in the case of fraud or illegality." *Jones v. Rosenberg,* 178 Md. App. 54, 72 (2008). Thus, Plaintiff is now precluded from raising arguments, relating to the validity of the foreclosure paperwork, that she could have raised in the underlying foreclosure

---

[1] Upon a Rule 12(b)(6) motion, the Court may consider "matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007); *see* Fed. R. Evid. 201. "The most frequent use of judicial notice . . . is in noticing the content of court records." *Colonial Penn. Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) (citation omitted).

*Brown v. Penny Mac Loan Services LLC, et al.*
Civil No. SAG-20-0364
June 23, 2020
Page 3

proceeding, where she and the BWW Defendants were parties.[2]  *See id.* at 72-73 (explaining that a final ratification of sale will not be vacated, "even though obtained by the use of forged documents, perjured testimony, or any other frauds which are 'intrinsic' to the trial of the case itself" (quoting *Billingsley v. Lawson*, 43 Md. App. 713, 719 (1979))).

Ms. Brown also appears to contend that state courts lack jurisdiction to foreclose "a bill of credit, Promissory Notes, or securitized instruments," citing to the United States Constitution and the "Clearfield Trust Doctrine" purportedly established in *Clearfield Trust Co. v. United States,* 318 U.S. 363 (1943). ECF 1 at 9.  Ms. Brown cites no cases supporting her interpretation, which contravenes longstanding Maryland foreclosure law.  Indeed, the *Clearfield Trust* case merely sets forth the criteria for federal courts to consider in determining whether courts should follow state law in deciding an issue, or should create new federal common law. 318 U.S. at 366-68; *see also Smith v. Foxwell*, No. GJH-16-3805, 2016 WL 7451299, at *1 n.1 (D. Md. Dec. 27, 2016) (interpreting a *pro se* litigant's invocation of the "*Clearfield Trust* Doctrine" similarly).  *Clearfield Trust* is inapposite here, since foreclosure proceedings in Maryland state court are governed exclusively by Maryland law.

Finally, as noted, Ms. Brown appears to request a "Stay of Proceedings."  ECF 1 at 10; ECF 1-9.  However, the Anti-Injunction Act, 28 U.S.C. § 2283, bars federal district courts from enjoining state court proceedings "except as expressly authorized by Act of Congress, or where in necessary in aid of its jurisdiction, or to protect or effectuate its judgments."  *See also Ackerman v. ExxonMobil Corp.*, 734 F.3d 237, 250 (4th Cir. 2013) (noting that § 2283 acts as "an absolute prohibition against enjoining state court proceedings," absent a showing that one of the three statutory exceptions are met).  Assuming that there was some cognizable legal claim at issue, Ms. Brown's Complaint does not demonstrate that any of the statutorily prescribed exceptions are met here to enjoin the foreclosure proceedings, which are seemingly finalized.  *See Cade v. O'Sullivan*, No. GJH-19-3260, 2019 WL 6034990, at *2 (D. Md. Nov. 14, 2019) (denying a *pro se* plaintiff's request to enjoin ongoing foreclosure proceedings, because § 2283 "cannot be evaded by addressing the order to the parties or prohibiting utilization of the results of a completed state proceeding" (quoting *Atl. Coast Line R.R. v. Bhd. of Locomotive Eng'rs*, 398 U.S. 281, 286 (1970))).

Because this Court is unable to glean from the Complaint any actionable legal theories, or factual allegations to support actionable legal theories, that might amount to a plausible claim for relief, the Complaint must be dismissed.  The BWW Defendants contend that Ms. Brown's claims should be dismissed with prejudice, ECF 4-1 at 14, and, for the reasons described above, any claim premised on the production of the original note in the foreclosure proceeding cannot lie.  However, because the *pro se* Complaint's allegations are not clearly stated, this Court is unwilling to permanently foreclose the possibility that Ms. Brown could articulate a viable claim

---

[2] Defendants Carrie Ward and Howard Bierman were the substitute trustees in the foreclosure proceeding.  BWW is the law firm where Ward and Bierman work.  Thus, Ward and Bierman are in privity with BWW.  *See Bank of N.Y. Mellon v. Georg*, 456 Md. 616, 659 (2017).

*Brown v. Penny Mac Loan Services LLC, et al.*
Civil No. SAG-20-0364
June 23, 2020
Page 4

against one or more of the Defendants.  Accordingly, the claims against all Defendants will be dismissed without prejudice, and the Clerk will be directed to close this case.

  A separate order follows.

                Sincerely yours,

                   /s/

                Stephanie A. Gallagher
                United States District Judge